# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| EDWIN F. ZAMORA,<br>EDWIN A. ZAMORA,<br>SANTIAGO VEGAS,<br>JOSE GONZALEZ,<br>LUIS MALDONADO,<br>AND MARIA CARACHURE,<br><br>Individually, and on behalf of<br>all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br><br>GREENCLEANING ENTERPRISES,<br>INC. D/B/A SERVICEMASTER CLEAN,<br>EAGLE MAINTENANCE<br>COMPANY, INC.<br>D/B/A SERVICEMASTER CLEAN.,<br>AND NKNB L.P. D/B/A<br>NORTH AMERICAN STONE CO.,<br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO.<br><br>**4:17-cv-390** |

## PLAINTIFFS' ORIGINAL CLASS ACTION COMPLAINT

## I.

## INTRODUCTION

Plaintiffs Edwin F. Zamora ("Zamora Sr."), Edwin A. Zamora ("Zamora Jr."), Santiago Vegas ("Vegas"), Jose Gonzalez ("Gonzalez"), Luis Maldonado ("Maldonado"), and Maria Carachure ("Carachure") (collectively Plaintiffs), individually and on behalf of all others similarly situated (Plaintiff Class), file this Original Class Action Complaint against Defendants GreenCleaning Enterprises Inc. d/b/a ServiceMaster Clean and Eagle Maintenance Co.

("GreenCleaning"), Eagle Maintenance Company, Inc. d/b/a ServiceMaster Clean ("Eagle"), and

NKNB L.P. d/b/a North American Stone Co. ("NKNB") (collectively "Defendants").

## PARTIES

1.      Plaintiff Edwin F. Zamora an individual and a citizen of Collin County, Texas.

2.      Plaintiff Edwin A. Zamora is an individual and a citizen of Collin County, Texas

3.      Plaintiff Santiago Vegas is an individual and a citizen of Collin County, Texas.

4.      Plaintiff Jose Gonzalez is an individual and a citizen of Collin County, Texas.

5.      Plaintiff Luis Maldonado is an individual and a citizen of Dallas County, Texas.

6.      Plaintiff Maria Carachure is an individual and a citizen of Dallas County, Texas.

7.      Defendant GreenCleaning Enterprises, Inc. d/b/a ServiceMaster Clean ("GreenCleaning") is a corporation organized under the laws of the state of Texas with its principal place of business located at 1501 Summit Avenue Suite 1, Plano, Texas 75074.  GreenCleaning may be served with process, including summons and a copy of this lawsuit, by serving GreenCleaning's registered agent for service of process, Jesus Israel Cortez, 800 Fulgham Road, Suite 16, Plano, Texas 75093, or wherever he may be found.

8.      Defendant Eagle Maintenance Company, Inc. d/b/a ServiceMaster Clean ("Eagle") is a corporation organized under the laws of the state of Texas with its principal place of business located at 1501 Summit Avenue Suite 1, Plano, Texas 75074.  Eagle may be served with process, including summons and a copy of this lawsuit, by serving Eagle's registered agent for service of process, Jesus Israel Cortez, 6409 Pavilion Court, Plano, Texas 75024, or wherever he may be found.

9.      Defendant NKNB L.P. d/b/a North American Stone Co. ("NKNB") is a limited partnership organized under the laws of the state of Texas with its principal place of business located at 3745 CR 997, McKinney, Texas 75071.  NKNB may be served with process, including

summons and a copy of this lawsuit, by serving NKNB's registered agent for service of process, Steve Tucker, 3745 CR9 997, McKinney, Texas 75071.

## III.

## JURISDICTION

10.　　The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs assert a claim arising under federal law.[1]

## IV.

## VENUE

11.　　Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claim occurred in Collin County.

12.　　Collin County lies within the Sherman Division of the Eastern District of Texas, as set forth in 28 U.S.C. § 124(c)(3).

---

[1] 28 U.S.C. § 1331.

# V.

## COVERAGE ALLEGATIONS

13.     Defendants transact substantial business in this judicial district.

14.     At all material times, Defendants have been an employer within the meaning of 29 U.S.C. § 203(d).

15.     At all material times, Defendants have been an enterprise within the meaning of 29 U.S.C. § 203(r).

16.     At all material times, Defendants have been an enterprise engaging in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

17.     At all materials times, Plaintiffs were individual employees of Defendants who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

# VI.

## BACKGROUND FACTS

18.     Plaintiffs have worked for Defendants performing cleaning duties at North Texas municipal and community college facilities.

19.     Plaintiffs averaged working eighty or more hours per week performing these duties for Defendants.

20.     Defendants paid Plaintiffs straight time for each hour they worked, regardless of whether those hours exceeded forty in a workweek.

21.     In addition, Defendants altered the hours Plaintiffs and other employees reported in order to reduce the pay they received.

22.     Defendants also paid Plaintiffs under the names of various businesses to avoid producing paystubs showing the actual hours they were working – which were almost always more than forty in a workweek.

23.     Plaintiff Edwin F. Zamora worked closely with Defendants' owner Jesus Cortez and personally witnessed Cortez altering time records and refusing to pay employees for the hours they worked.

24.     Plaintiff Luis Maldonado is still currently employed by Defendants and notes that this practice continues to date.

25.     Upon information and belief, including the practices Plaintiff Zamora Sr. observed, Defendants employ some one hundred employees in North Texas and an additional forty in and around Georgetown, Texas.

# VII.

## COLLECTIVE ALLEGATIONS

26.     Like Plaintiffs, other employees of Defendants across Texas have been victimized by these unlawful practices.

27.     Some of these employees have reported to Plaintiffs that they were paid in the same manner as Plaintiffs with no overtime pay for time worked in excess of forty hours per workweek.

28.     From discussions with these employees, Plaintiffs are aware that Defendants' illegal policies and practices have been uniformly imposed on the Class Members.

29.     The Class Members perform the same or similar job duties, including that they all perform non-exempt work.

30.     These employees are similarly situated to Plaintiffs in terms of job duties and pay provisions.

31.     Defendants' failure to pay minimum wage and overtime compensation at the rates required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

32.     Thus, Plaintiffs' experiences are typical of the experiences of the Class Members.

33.     The specific job titles or precise job requirements of the various Class Members do not prevent collective treatment.

34.     All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation (one and one half their regular rate of pay) for all time worked in excess of forty hours per workweek.

35.     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

36.     The questions of law and fact are common to Plaintiffs and the Class Members.

37.     Accordingly, the class of similarly situated plaintiffs is properly defined as:

**All Texas Employees**

38.     As a collective action, Plaintiffs seek this Court's appointment and/or designation

as representative of a group of similarly situated individuals as defined.

## VIII.

## CAUSES OF ACTION

**A.      First Cause of Action—Failure to Pay Wages in Accordance with the FLSA— Plaintiffs and the Plaintiff Class**

39.     Plaintiffs and the Plaintiff Class incorporate each of the foregoing paragraphs.

40.     Defendant's practice of not paying employees, including Plaintiffs, one and one

half times their regular rate of pay for all hours worked in excess of forty hours in a workweek

41.     Defendant's actions violate 29 U.S.C. §§ 206, 207, and 215(a)(2).

## IX.

## DAMAGES

42.     Plaintiffs and the Plaintiff Class incorporate each of the foregoing paragraphs.

43.     Defendant's actions violated 29 U.S.C. § 207(a).

44.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs and the Plaintiff Class seek to recover all

unpaid minimum wages and unpaid overtime compensation.

45.     Plaintiffs and the Plaintiff Class also seek as liquidated damages an amount equal

to that recovered for unpaid minimum wages and unpaid overtime compensation.

46.     Plaintiffs and the Plaintiff Class seek all damages available to them under federal

law.

# X.

## ATTORNEYS' FEES AND COSTS

47.     Plaintiffs and the Plaintiff Class incorporate each of the foregoing paragraphs.

48.     Plaintiffs retained the services of undersigned counsel to prosecute their claims.

49.     Plaintiffs and the Plaintiff Class are entitled to recover a reasonable attorneys' fee from Defendant, including costs.

# XI.

## JURY DEMAND

50.     Plaintiffs and the Plaintiff Class demand a trial by jury.

# XII.

## CONCLUSION AND PRAYER

51.     Plaintiffs and the Plaintiff Class respectfully request that Defendants be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment against Defendant, awarding Plaintiffs and the Plaintiff Class:

      A.    All unpaid minimum wages and unpaid overtime compensation;

      B.    Liquidated damages equal to the amount in subsection (A) above;

      C.    Reasonable attorneys' fees and expert fees;

      D.    Court costs;

      E.    Pre-judgment and post-judgment interest at the rate set by law; and

      F.    All legal or equitable relief this Court deems proper.

Respectfully submitted,

/s/ Javier Perez
MATTHEW R. SCOTT
Texas Bar No. 00794613
matt.scott@scottperezlaw.com
JAVIER PEREZ
Texas Bar No. 24083650
javier.perez@scottperezlaw.com
**SCOTT | PEREZ LLP**
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202
214-965-9675 / 214-965-9680 (Facsimile)
**ATTORNEYS FOR PLAINTIFFS**